Filed 4/3/25  P. v. Pierre CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082731 |
| v. | (Super.Ct.No. FVA05660) |
| ANTONIO EDIOR PIERRE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Camber, Judge.  Affirmed.

Heather L. Beugen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Charles C. Ragland, Collette C. Cavalier and Sahar Karimi, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Antonio Edior Pierre appeals from the trial court's denial of his in propria persona postconviction motions for: (1) a declaration of factual innocence under Penal Code sections 851.8 and 1485.55,[1] (2) a stay in the meantime of his registration duty under section 290, and (3) discovery pursuant to section 1054.9. Defendant contends his right to due process was infringed when the trial court held the hearing on his motions in his absence. The court found good cause to do so because defendant was in immigration custody and his attorney, as a result, "ask[ed] to waive his appearance under [section] 977." As we explain *post*, even assuming arguendo any error in holding the hearing without defendant present—which we do not decide—any such error was harmless under the facts here. We therefore affirm the judgment.

**BACKGROUND**

In August 1997 a jury found defendant guilty of two counts of continuous sexual abuse of a child under the age of 14. (§ 288.5.) The jury found defendant committed the offenses against both victims by instilling fear of bodily injury or by force, violence, duress, or menace. (§ 12033.066, subd. (a)(1).) The trial court imposed consecutive 16-year sentences on each count, for an aggregate term of 32 years in state prison.

In November 2022, while still serving his sentence, defendant filed a motion he captioned as seeking "A Finding [of] Factual Innocence" (all caps. omitted), specifying his request for relief was "Pursuant to Penal Code section[s] 1485.55 and []851.8." In the motion, he enumerated with seven bullet points the evidence he claimed required a

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

finding of factual innocence. He also stated he would present other "testimonies," including by "two judges on defendant['s] behalf." Defendant asserted he was entitled to a declaration of factual innocence "especially with no medical DNA evidence" having been presented against him. He closed his three-page motion alleging the prosecutor at his trial "knew or should have known of the false nature of the evidence and testimony presented."

Defendant attached to his motion multiple documentary exhibits in support of his requested statutory innocence finding. He also requested a temporary stay of his registration obligation under section 290, pending the outcome of his motion. The trial court appointed counsel to represent defendant.

By mid-January 2023, defendant had been released from custody; his motions remained pending, with various continuances granted, including for counsel to confer with defendant. Defendant continued to fulfill his registration duty. The trial court's minutes indicate that sometime before May 2023 defendant filed a motion seeking discovery under section 1054.9. The motion is not in the appellate record.

The People's opposition to the motion indicates that, "though represented by counsel," defendant had filed the section 1054.9 discovery motion "in pro per" on April 19, 2023. The People opposed the motion on grounds defendant did "not adequately describe what he is seeking or make the appropriate showing for his attempts to secure the discovery from trial counsel." The opposition noted defendant— during his

3

incarceration—previously filed "some sixteen unsuccessful petitions for Writ of Habeas Corpus, all of which were denied."

In August 2023 defendant filed what he termed his "Supplemental Response" to the People's opposition to his discovery motion. Defendant acknowledged in the response that he had appointed counsel, but filed the response himself. We address the contents of defendant's response more fully *post*—in particular that defendant indicated in it that "P.C. § 1054.9" evidence had been "given . . . to [his] attorney," accompanied by what defendant viewed as an "apolog[y]."

Defendant's motions were heard in November 2023. At the hearing, defense counsel told the court that because defendant was "in immigration custody," "I'd ask to waive his appearance under [section] 977." The court responded, "I'll find good cause for him not to be here."

Defense counsel informed the court that the People "shared with me the discovery from the original file from some 30 years ago or so in the Chino courthouse." The court queried, "Do you feel like there's any additional discovery that you need," and counsel answered, "I don't." Counsel added, "I did review everything that the People gave me, which was fairly substantial. It was a pretty big case back in that era, and I did review all of that."

Counsel did not say when the discovery had been provided, but noted that once defendant "was out of custody, he came to my office twice at my request. We went over everything." Counsel began to specify that "everything" included "the elements of the statute," but the court interjected: "Again, the Court's issue was 1054.9 and making sure

4

we . . . complied with that." When the court asked whether "the People have done that," defense counsel responded affirmatively.

The court inquired whether defendant had anything "to add to his petition," and defense counsel responded, "No." Defense counsel explained, "When I met with [defendant], I said, 'Is there anything that's not in the petition that you want me to add, or you want me to look into?'" Defendant responded that "he had nothing to add other than what's already in the petition" because, in defendant's view, "what's in the petition" sufficed to obtain his requested declaration of factual innocence.

The trial court disagreed and denied the petition, along with the registration stay request. The court found nothing remained to be done on defendant's discovery motion because "the People have complied with their discovery obligations pursuant to 1054.9." The court restated the latter finding in its minute order: "The People have complied with all discovery issues."

## DISCUSSION

Defendant does not challenge any of the court's rulings on their merits, but instead contends they must be reversed because he had a due process right to be present at the hearing. Defendant's opening brief concedes that, "ordinarily, a petitioner has no due process right to be present at a post-conviction hearing, such as habeas corpus and coram nobis proceedings." (Citing *People v. Fryhaat* (2019) 35 Cal.App.5th 969, 980.) Defendant relies on *People v. Simms* (2018) 23 Cal.App.5th 987 (*Simms*) for, in his words, the proposition that: "[W]here a petitioner's input would be helpful to the

5

outcome of an adversarial hearing, a defendant does have a federal due process right to be personally present at such a hearing."

Similarly, as to his discovery motion, defendant couches his challenge as "not suggest[ing] that a hearing is required under section 1054.9," but rather "that when an adversarial hearing *is* actually held, if [the defendant's] personal presence would be helpful to the outcome of the adversarial hearing, then the Fifth Amendment requires that he be present at that hearing." Defendant again relies on *Simms*.

The People, too, address the question for review as whether fairness required defendant's presence at the hearing, also citing *Simms*.

*Simms* arose in postconviction proceedings in which the defendant sought resentencing relief under Proposition 47. (See *Simms*, *supra*, 23 Cal.App.5th at pp. 990, 998.) The reviewing court recognized the principle that "a represented defendant has no constitutional or statutory right to be present to address purely legal questions or where his or her 'presence would not contribute to the fairness of the proceeding.' " (*Simms*, at p. 998, quoting *People v. Fedalizo* (2016) 246 Cal.App.4th 98, 109.) *Simms* held under the facts presented there that, "where, as in this case, a factual contest bearing on eligibility for Proposition 47 relief requires that an evidentiary hearing be held, we conclude the petitioning defendant has a right to be present, absent a valid waiver." (*Simms*, at p. 998.)

The parties do not address whether defense counsel's waiver of defendant's presence at the hearing here was valid under statutory provisions at the time. (Stats.

6

2023, ch. 190, § 3, eff. Sept. 13, 2023; see former § 977.) Nor do they discuss the trial court's good cause finding to hold the hearing without defendant present.

Instead, the parties debate whether defendant's presence was necessary for a fair hearing. (See *Kentucky v. Stincer* (1987) 482 U.S. 730, 745 [a defendant has a due process right "to be present at any stage of the criminal proceeding that is critical to its outcome if his presence would contribute to the fairness of the procedure"], cited by the People.) The People assume this authority applies in the postconviction context, but argues defendant suffered no unfairness in being absent from the hearing. In other words, defendant's absence was harmless.

We conclude it is not necessary to address whether defense counsel's waiver of defendant's presence was valid, whether the court had good cause to proceed with the hearing in defendant's absence, or whether defendant had a due process right—and the precise origin or scope of that right—to be present at the hearing. Even assuming such a right, defendant's absence was not prejudicial under the facts here, even under the most stringent standard for harmless error. (*Chapman v. California* (1969) 386 U.S. 18.)

The court correctly denied defendant's motion for a declaration of factual innocence under sections 851.8 and 1485.55 as a matter of law. His presence could not have changed the outcome; hence, his absence was harmless. Section 851.8 provides an avenue for a finding of factual innocence "where a person has been arrested, and an accusatory pleading has been filed, *but where no conviction has occurred*." (§ 851.8, subd. (c), italics added.) Defendant was thus ineligible for relief under the statute by its terms.

7

Similarly, the alternate statutory basis on which defendant sought a declaration of factual innocence—under section 1485.55—was not available to him as a matter of law. It applies only where a court has "granted a writ of habeas corpus" or, alternatively, has "vacated a judgment pursuant to Section 1473.6 or paragraph (2) of subdivision (a) of Section 1473.7." (§ 1485.55, subd. (b).) Defendant obtained neither of the alternate predicates for a declaration of factual innocence. He does not dispute that his habeas petitions, as many as 16 while in custody, all failed nor that, once released, he never sought to vacate the judgment against him. In essence, defendant put the cart before the horse in seeking a declaration of factual innocence without first having his conviction set aside.

Defendant argues his presence at the hearing was thus all the more important as to his discovery motion because he "was the only one who could explain the discovery he was after." In particular, he highlights his interest, according to his in propria persona moving papers, in "obtaining the many, many slides [from the victims' Sexual Assault Response Team examinations] that had a substance on them which was never determined." He theorizes on appeal that being present at the hearing "could have led [defendant] to file a postjudgment DNA motion, which could ultimately have supported his motion for an order declaring him factually innocent." In other words, defendant speculates that if the court had not conducted the hearing without him, a chain of events might have been triggered leading him to file the necessary petition to vacate the judgment as a predicate to his motion for a declaration of factual innocence. That chain of events would include requesting the slides or testing of the slides, assuming they still

8

existed. It also assumes the slides or any testing results were not among the items or materials in the prosecution's "original file" that the People made available to defendant to examine at the Chino courthouse.

The flaw in this claim of error regarding defendant's absence is two-fold. First, it is purely speculative as to the chain of events or outcomes that would result in alleged prejudice. Second, the record does not support the claim because it appears the People made the prosecution's files available to defendant and his attorney before the hearing. Defendant thus had the opportunity to discuss with his attorney whether there was anything missing in the discovery response or that he otherwise wanted to pursue further.

In particular, defendant's in propria persona response regarding discovery issues preceding the hearing acknowledged that "P.C. § 1054.9" evidence had been "given . . . to [his] attorney." Defendant believed the material had been provided by "the Mayor of San Bernardino and the City Attorney," and that the material included—or constituted in turning it over—an "apolog[y]." Realistically, it is unlikely the material was provided by the mayor's or the city attorney's offices, or anyone other than the prosecutor's office, which responded to defendant's discovery motion.

In any event, our appellate role requires that we make every inference in favor of the trial court's decision under review. (*Denham v. Superior Court* (1970) 2 Cal.3d 557.) Accordingly, we must conclude defendant was aware the prosecution's discovery response was provided before the hearing and that he had the opportunity to discuss the contents of the response with his attorney. So apprised, he nevertheless chose not to pursue any further discovery such as demanding the slides or other action such as filing a

motion to compel testing or to vacate the judgment—contrary to the speculation he engages in on appeal. Simply put, unlike in *Simms*, there was no conflict in the evidence to resolve at the hearing regarding further discovery, for which defendant's presence might have added to the fairness of the proceeding. Defendant thus suffered no prejudice by his absence, and his appellate challenge to the trial court's rulings at the hearing is devoid of merit.

## DISPOSITION

The trial court's order denying defendant's postconviction motions is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER _____
                                                                J.

We concur:

RAMIREZ _____
                        P. J.

McKINSTER _____
                        J.